## APPEAL OF ALLEN-EATON PANEL CO.

Docket No. 1639.   Submitted September 24, 1925.   Decided November 16, 1925.

*Harry M. Jay, C. P. A.*, for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

### Before GRAUPNER and TRAMMELL.

This is an appeal from the determination of a deficiency of $2,573.94, income and profits taxes for 1918, 1919, and 1920. The error alleged is the refusal of the Commissioner to permit the taxpayer to value tangible property at an amount in excess of cash or stock paid for the property, for the purpose of determining the invested capital and the amount deductible for depreciation.

### FINDINGS OF FACT.

The taxpayer is a Tennessee corporation, organized in 1917, with its principal place of business at Memphis. In 1922 it changed its corporate name to the Waterproof Plywood Co., and in 1924 again changed to the Gause-Beard Plywood Co., under which name it is now operating.

In April, 1917, Chester B. Allen took an option on certain land and buildings, known as Fenn Bros. plant, located in South Memphis, paying therefor the sum of $600. He had in mind at that time the formation of a corporation for the purpose of manufacturing plywood.

About May, 1917, the Allen-Eaton Panel Co. was organized with an authorized capital stock of $125,000. Allen subscribed for $20,000 of the stock, which he paid in cash. The corporation took over the option which Allen held on the above-mentioned property and reimbursed him therefor in the amount of $600, representing the cost to him. It later paid the balance due on the property, amounting to $11,900 and $8.40 exchange.

In 1918 an appraisement of the taxpayer's property was made and the report submitted therewith showed the replacement cost of the buildings and equipment, with allowances for depreciation as of August 31, 1918, to be $135,628.75.

DECISION.

The determination of the Commissioner is approved.

OPINION.

GRAUPNER: To establish the value of the taxpayer's tangible property as of the date of acquisition, counsel relied on depositions of certain stockholders of the taxpayer company, an appraisal report, and the deposition of an officer of the appraisal company. The depositions of the stockholders merely relate the circumstances surrounding the organization of the taxpayer corporation and, in one instance, the approximate rental value of near-by land. No attempt was made to show the area of land, the number, size, condition of the buildings acquired, or their market value.

The officer of the appraisal company in his deposition explained that in preparing appraisal reports the notes of field engineers are sent to the home office with pricing information taken from local sources and the notes are priced in the home office. The officer frankly admitted that he had never made an examination of the taxpayer's property and that the report was not even made under his direction. Such evidence is insufficient. *Appeal of Stokes Milling Co.*, 2 B. T. A. 1284.